UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETTY M. MONCION,<br><br>                            Plaintiff,<br><br>          -against-<br><br>NORTHWELL HEALTH STATEN ISLAND UNIVERSITY, et al.,<br><br>                            Defendants. | 20-CV-10805 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. She asserts that Defendants discriminated against her and violated her rights when she sought medical care. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1).

Plaintiff, a resident of Brooklyn, New York, brings this action concerning events that occurred in a hospital on Staten Island, Richmond County, New York. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to her claims arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Richmond County, which is in the Eastern District of

New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, § 1391(b)(2), and this action is transferred to the United States District Court for the District of New York, *see* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 15, 2021
        New York, New York

COLLEEN McMAHON
Chief United States District Judge